Entered: April 14th, 2021
Signed: April 14th, 2021

**SO ORDERED**



**MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| BRENDA M. FLETCHER, | * | Case No. 11-21424- MMH |
| | | Chapter 13 |
| Debtor. | * | |
| * * * * * * * | * * * * * * * | |
| BRENDA M. FLETCHER, | * | |
| Plaintiff, | * | |
| vs. | * | Adversary Proceeding No.: 19-00218 |
| U.S. BANK, NATIONAL ASSOCIATION, *
*et al*. | | |
| | * | |
| Defendants | | |
| * * * * * * * | * * * * * * * | |

### STIPULATED PROTECTIVE ORDER

It is hereby stipulated by and between counsel for the parties hereto (the "Parties"), and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure made applicable here through Federal Rule of Bankruptcy Procedure 7026, that in connection with the discovery in, any hearing in, and the trial of, this action, the following provisions shall govern

140383.06029/125527110v.1

the inadvertent disclosure of privileged materials, as well as the disclosure of trade secrets and certain other confidential and/or proprietary information eligible for confidential treatment and treatment "under seal" pursuant to the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and other applicable law;

1. It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

2. The following documents and information may be designated as "confidential" – provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

   a. Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, information on other loans, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

   b. Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

3. If any party believes a document not described in the above paragraph should nevertheless be considered confidential, or a document designated confidential by the producing party should not be considered confidential, it may make an application to the Court and the burden of the designation shall be on the party asserting the confidentiality designation to demonstrate the document qualifies.

4. An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

5. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such

appendices 'confidential,' and incorporate by reference the appended material into the responses.

6. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 2(a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

7. Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of **Exhibit A**. If such person refuses to sign a document substantially in the form of **Exhibit A**, the party desiring to disclose the confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or for attorney's eyes only may only be used in connection with this litigation.

8. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

9. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Further, any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.

10. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, that such portion(s) shall thereafter be treated as confidential under this order.

11. In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery.

12. In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

13. Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

14. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

140383.06029/125527110v.1

15. No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

16. Attorney-client privilege and work product protection shall have the meanings as provided in Federal Rule of Evidence 502 (g) (1) and (2).

17. If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information, unless independent good cause is demonstrated.

18. Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

20. The terms of this Stipulated Protective Order shall survive any final disposition of this action.

21. This Stipulated Protective Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence;

**IT IS SO ORDERED**.

Entered this _____ day of _____ , 202_

**Consented to:**

DATED:  April  11, 2021                                        Respectfully submitted,

140383.06029/125527110v.1

| | |
|---|---|
| */s Wendell Finner*<br>Wendell Finner PC<br>1 East Chase Street, Suite 1109<br>Baltimore, MD 21202<br>410-929-2440<br>himself@wendellfinner.com<br>*Attorney for Plaintiff Brenda Fletcher* | */s/ Namrata Loomba*<br>Edward W. Chang, Bar #27319<br>Namrata Loomba, Bar #20053<br>Blank Rome LLP<br>1825 Eye Street NW<br>Washington, D.C. 20006<br>202-420-2566<br>EChang@BlankRome.com<br>NLoomba@BlankRome.com<br>*Attorneys for Defendants U.S. Bank National Association, as Trustee for the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-2, and Ocwen Loan Servicing, LLC* |

Copies to:

Edward W. Chang
Namrata Loomba, Esquire
Blank Rome LLP
1825 Eye Street, NW
Washington, D.C. 20006
(202)420-2566
NLoomba@BlankRome.com
*Attorneys for Defendants U.S. Bank National Association, as Trustee for the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-2, and Ocwen Loan Servicing, LLC*

Wendell Finner PC
1 East Chase Street, Suite 1109
Baltimore, MD 21202
410-929-2440
himself@wendellfinner.com
*Attorney for Plaintiff*

**END OF ORDER**

140383.06029/125527110v.1