IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

In re:

Brenda M. Fletcher                                                                   CASE NO.:    1:11-bk-21424

Debtor                                                                                          Chapter 13

_____
Brenda M. Fletcher

Plaintiff
                                                                                                    Adversary Proceeding No.:
vs.

U.S. Bank, National Association,                                                 19-ap-00218
Ocwen Loan Servicing, LLC

Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PRETRIAL STATEMENT**

Plaintiff Brenda M. Fletcher, by her undersigned attorney, submits her Local Rule 7016-1 Pretrial Statement:

**1. Statement of Facts and Legal Theories.**

**a. Defendants' bad bankruptcy accounting and false filing.**

Ms. Fletcher filed the underlying Chapter 13 case on May 31, 2011.. Defendant U.S. Bank, National Association, acting as trustee for a securitization trust, filed and twice amended through its servicer, Aurora Bank, a proof of claim secured by Ms. Fletcher's home. Ms. Fletcher's Amended Chapter 13 Plan was confirmed on November 14, 2011. The Plan provided for her to cure an arrearage on her home mortgage through payments to the Trustee and to pay monthly postpetition mortgage payments directly to the mortgage servicer.

Servicing of Ms. Fletcher's mortgage was transferred in 2012 from Aurora to Defendant Ocwen Loan Servicing, LLC. The records of Ms. Fletcher's account were incorrectly boarded by Ocwen, such that Ocwen overstated the amount owed by $5,450.22.

U.S. Bank filed on December 12, 2013 a Motion for Relief from Stay which asserted postpetition arrearages. This motion was resolved by means of a Consent Order entered February 14, 2014 which required Ms. Fletcher to make cure payments totaling $16,356.68 to bring the loan current through December 1, 2013, but did not establish the unpaid balance of the mortgage.

Ms. Fletcher made all the cure payments pursuant to the Consent Order. Between January 1, 2014 and September 23, 2016 postepetition mortgage payments totaling $54,818.28 came due. Ms. Fletcher made payments totaling $32,595.08 for this period, leaving a postpetition deficiency of $22,223.20.

On September 2, 2016 the Chapter 13 Trustee filed a Notice of Final Cure Payment. Ocwen as servicing agent for U.S. Bank filed on September 23, 2016 a Response to this Notice. The Response reflected none of the concerns found by Ocwen's review of Ms. Fletcher's account. It stated under penalty of perjury that Ms. Fletcher owed $41,819.56 in unmade postpetition mortgage payments, $19,596.36 more than the $22,223.20 in unpaid monthly payments after the payments due were fixed by the Consent Order. The Response was filed by Defendants was substantially false. It was filed in order to interfere with the Court's orderly administration of Ms. Fletcher's bankruptcy. It should be regarded as a nonfiling, such that Ms. Fletcher is deemed to have made all her postpetition mortgage payments and cured herprepetition default with her Plan payments. *See In re Ferrell,* 580 B.R. 181, 187–88 (Bankr. D.S.C. 2017).

      b. **Defendants' inflated post-bankruptcy collection efforts**

Ms. Fletcher's bankruptcy was discharged on October 13, 2016 and closed on November 15, 2016. Defendants sent Ms. Fletcher an October 26, 2016 statement claiming a payment deficiency of $44,944.71 and a principal balance of $174,721.95, followed by a February 23, 2017 Notice of Intent to Foreclose. Between October, 2016 and June, 2017 nine monthly

mortgage payments came due totaling $14,950.44, against which Ms. Fletcher paid a total of $14,950.44.

Defendants presented Ms. Fletcher with a Loan Modification Agreement in June, 2017. The Modification added $37,730.59 to the principal balance, and increased the floor of Ms. Fletcher's variable interest rate.  Not wishing to have Defendants follow through on their threat to foreclose, Ms. Fletcher made a down payment of $5,357.00 and signed the Modification on June 15, 2017.  Except for $2,864.25 of postbankruptcy payment arrears, this addition to principal necessarily consisted of payments which came due during the bankruptcy and fees added to Ms. Fletcher's account which had not been disclosed during the bankruptcy.   The consideration for the Modification is largely undisclosed fees which are uncollectible pursuant to Bankruptcy Rule 3002.1 combined with double-charged payments which Ms. Fletcher had already made once during her Chapter 13.  The post-bankruptcy mortgage statements and forclosure notices are instances of Defendants' willful failure to credit Ms. Fletcher's bankruptcy payments, prohibited by 11 U.S.C. § 524(i).  *In re Pompa*, No. 06-31759, 2012 WL 2571156, at *8 (Bankr. S.D. Tex. June 29, 2012); *In re Williams*, 612 B.R. 682, 690 (Bankr. M.D.N.C. 2020); *In re Ferris*, 611 B.R. 701, 706 (Bankr. M.D. Fla. 2019)(noting that willfulness "requires only that the creditor intended to credit payments improperly"); *In re Houston*, No. 3:13-BK-7435-PMG, 2018 WL 11206276, at *2 (Bankr. M.D. Fla. May 15, 2018);  *In re Hudak*, No. 08-10478-SBB, 2008 WL 4850196, at *10 (Bankr. D. Colo. Oct. 24, 2008). The Modification's addition of fees an double-charged payments to principal is another willful failure to credit those payments, as well as an unenforceable reaffirmation agreement which is invalid pursuant to 11 U.S.C. §524(c).  *In re Smith*, 224 B.R. 388, 397 (Bankr. N.D. Ill. 1998); *In re Roderick*, 425 B.R. 556, 566 (Bankr. E.D. Cal. 2010); *In re Bellano*, 456 B.R. 220, 222 (Bankr. E.D. Pa. 2011); *In re Edwards*, 236 B.R. 124, 126 (Bankr. D.N.H. 1999).

    c.    **Ocwen's failure to reasonably investigate Ms. Fletcher's notice of error**

Ms. Fletcher advised Ocwen on January 28, 2019 that her loan balance was overstated due to improper payment accounting and wrongful fees. Without conducting a reasonable investigation, Ocwen acknowledged in response that "there was a discrepancy in the payment application" but refused to correct Ms. Fletcher's account. Ocwen's failure to investigate Ms. Fletcher's notice of error violated 12 U.S.C.A. § 2605 and its implementing regulation, 12 C.F.R. § 1024.35.

### d. Robert Griffith's illegal mortgage assistance services

Defendant Robert Griffith undertook to consult with Ms. Fletcher and to provide her with mortgage assistance relief services. Ms. Fletcher paid him $5,721.66 for his services. Ms. Fletcher on January 22, 2019 notified Mr. Griffith that she was rescinding their agreements. Mr. Griffith has willfully failed to return Ms. Fletcher's payments to her and is liable to her for violations of the Protection of Homeowners in Foreclosure Act, Md. Code, Real Property §7-301 *et seq.* as well as the Maryland Mortgage Assistance Relief Services Act, Act, Md. Code, Real Property §7-501 *et seq.*

### 2. Amended Pleadings.

No pleadings need be amended.

### 2. Pleaded but Abandoned Issues.

Count V has been voluntarily dismissed.

### 4. Stipulations of Fact.

The parties have not agreed to any stipulations of fact.

### 5. Details of Damages Claimed and Other Relief Sought

Ms. Fletcher seeks to have the Modification Agreement declared void as an illegal reaffirmation, and seeks judgment against U.S. Bank and Ocwen for violation of the discharge injunction. She has undergone years of emotional injury as a result of Defendants' scheme to collect illegal fees and to twice-collect payment which she made in her bankruptcy. She is entitled to be compensated for this emotional harm and to be repaid overcharges which she has

paid. Ocwen should be assessed punitive damages in an amount sufficient to deter it and its successors-in-interest from visiting this horror on other homeowners. Ocwen and U.S. Bank should be required to pay Ms. Fletcher's attorneys' fees, expert witness fees, and other costs off suit. Ms. Fletcher is also entitled to actual and statutory damages for Ocwen's RESPA violations.

Ms. Fletcher seeks recovery of the fees she paid Mr. Griffith, as well as treble damages and attorneys fees under the Protection of Homeowners in Foreclosure Act and the Maryland Mortgage Assistance Relief Services Act

### 6. List of Documents to be Offered.

Ms. Fletcher has not determined her final trial presentation, pending the Court's hearing of and ruling on pending motions for summary judgment and to preclude the testimony of her expert witness. Documents she will offer in evidence may include:

1. Docket of bankruptcy case
2. Mortgage payment history and other documentation of payments
3. Response to Notice of Final Cure Payment
4. Ocwen Servicing Notes
5. Internal emails of Ocwen
6. Consent Order Conditioning Automatic Stay
7. October 26, 2016 Mortgage Statement
8. Notices of Default dated December 16, 2016 and January 17, 2017
9. Notice of Intent to Foreclose dated February 23, 2017
10. Loan Modification Agreement signed June 15, 2017
11. Notice of Error dated January 28, 2019
12. Letter from Ocwen dated March 4, 2019

13. June 11, 2014 Settlement Agreement and Consent Order before the Maryland Commissioner of Financial Regulation

14. Declaration of Brenda M. Fletcher

15. Expert Witness Report and Supplemental Expert Witness Report of Bernard Jay Patterson, CFE

16. Records of communications with and payments to Robert M. Griffith

Ms. Fletcher will provide a final list of her exhibits by January 17, 2023 as required by the Scheduling Order.

## 7. Experts.

Ms. Fletcher will offer the expert forensic accounting testimony of Bernard Jay Patterson, CFE.  No Defendant has disclosed any expert witness.

## 8. Statement of Matters to be Resolved Before Trial.

Ms. Fletcher and the Mortgagee Defendants have each filed summary judgment motions. The mortgagee defendants have moved to preclude the testimony of Mr. Patterson.  In addition, the mortagee defendants have failed to comply with the Court's October 5, 2022 Order granting in part Ms. Fletcher's request for production of documents.  Ms. Fletcher may move for an appropriate order redressing this failure or an order precluding the admission of unreliable or unauthenticated hearsay evidence by those defendants.  Ms. Fletcher may also move for a clerk's default and default judgment against Defendant Robert Griffith.

/s/ Wendell Finner
WENDELL FINNER, Bar No. 4397G
PO Box 246
Oakland, Maryland 21550
(410) 929-2440

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2022, a copy of the foregoing was sent via the ECF system to Namrata Loomba, counsel for the mortgagee defendants and via first class mail to:

Robert M. Griffith 16 Amandas Teal Drive Bridgeville, DE 19933

/s Wendell Finner